IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| BRYAN ARVIDSON, | CV 22-74-H-SEH |
| Plaintiff, | |
| vs. | ORDER |
| DEPUTY SHERIFF JACOB ISBELL, | |
| Defendant. | |

Plaintiff Bryan Arvidson (Arvidson) filed a Complaint advancing allegations that Defendant, Lewis and Clark County Deputy Sheriff Jacob Isbell (Deputy Isbell), advised him that he could discharge his firearm, but then subsequently charged him for doing so.[1] Arvidson alleges he was criminally charged because he is biracial, alleging white individuals living in the same neighborhood discharge firearms without being ticketed or charged.[2]  He seeks leave of Court to proceed in forma pauperis.[3]

Arvidson's claims are barred by the doctrine set forth in *Heck v. Humphrey*.[4] He fails to state a federal claim for relief. The Complaint is dismissed.

---

[1] *See* Doc. 2 at 4–5.
[2] *Id.* at 5.
[3] Doc. 1.
[4] 512 U.S. 477 (1994).

## I.      Motion to Proceed in Forma Pauperis

Arvidson filed a Motion to Proceed in Forma Pauperis which the Court finds sufficient to make the requisite showing.[5] The request to proceed in forma pauperis is granted.[6] His motion to compel[7] is denied as moot.

Arvidson must pay the statutory $350.00 filing fee.[8]  He has insufficient funds to pay an initial partial filing fee but will be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. The percentage is set by statute and cannot be altered.[9] By separate order, the agency having custody of Arvidson will be directed to forward payments from Arvidson's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full.[10]

## II.     Screening Analysis

Arvidson is a prisoner proceeding in forma pauperis.  The Court is required to review his Complaint.[11]  The Court is obliged to dismiss a complaint filed in forma pauperis by or on behalf of a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which

---

[5] *See* 28 U.S.C. § 1915(a). This Court also takes notice of the account statement filed by Arvidson in *Arvidson v. Bragg*, Cause No. CV-22-65-H (filed Aug. 8, 2022).
[6] *See* 28 U.S.C. § 1915(a).
[7] Doc. 4.
[8] 28 U.S.C. § 1915(b)(1).
[9] *See* 28 U.S.C. § 1915(b)(2).
[10] 28 U.S.C. § 1915(b)(2).
[11] *See* 28 U.S.C. §§ 1915, 1915A.

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[12]

At 7:47 p.m. on October 1, 2021, Deputy Isbell responded to Arvidson's neighborhood on Strandberg Drive, in Lewis and Clark County, to investigate reports from homeowners in the area that someone at Arvidson's residence was shooting guns.[13] Deputy Isbell met with Arvidson and advised him that because he did not have adequate safety apparatus in place to prevent bullets from ricocheting, it was unsafe to continue doing so. Arvidson agreed he would no longer fire his weapons until he had safety measures in place.

At 9:50 p.m., the 911 Lewis and Clark County Dispatch Center received multiple calls from neighbors reporting more gunshots coming from Arvidson's residence. Deputy Isbell reached Arvidson by phone. Arvidson confirmed he was shooting his gun again and could do so until 10:00 p.m. Deputy Isbell then determined he would detain Arvidson for the offense of Criminal Endangerment and began the process of obtaining a search warrant to enter Arvidson's property and arrest him.

---

[12] *See* §§ 1915A(b), 1915(e)(2)(B).

[13] This Court may take judicial notice of proceedings, including orders and filings in other courts, including state courts, when directly related to the case at issue. *Tigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011). Accordingly, the Court has reviewed the state court docket sheet and affidavit of probable cause filed in *State v. Arvidson*, Cause No. CDC 2021-475. The factual background of this section is gleaned from these documents.

3

Members of the Crisis Negotiation Team staged nearby and contacted Arvidson by phone, as members of the team were concerned for the safety of Arvidson's wife and children. Arvidson sounded intoxicated and aggravated at the time and made threatening comments toward officers. He refused to comply with requests to disarm.

Members of the Lewis and Clark County Sheriff's Office SWAT Team approached Arvidson's residence in an armored vehicle. Arvidson barricaded himself in his residence and fired several rounds at the armored vehicle. A standoff ensued. At 5:00 a.m. Arvidson's wife and children were able to leave the residence. As daylight approached SWAT officers deployed flashbangs. Arvidson then came out of his residence unarmed and was arrested.

Arvidson was charged with: (1) Attempted Deliberate Homicide, (2) two counts of Criminal Endangerment, and (3) Obstructing a Peace Officer. The charges were later amended to include Assault on a Peace Officer and Tampering With or Fabricating Physical Evidence. On April 7, 2022, a Lewis and Clark County Jury found Arvidson guilty of the charged offenses. He is currently awaiting sentencing.

Arvidson's claims are barred by *Heck v. Humphrey*.[14] In *Heck*, the Supreme Court of the United States held that if a judgment in favor of a plaintiff in a civil-

---

[14] *See* 512 U.S. 477 (1994).

rights action would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has been invalidated.[15] Thus, the "relevant question" in a § 1983 suit is whether success would "'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence."[16]

Arvidson's claims, that his constitutional rights were violated beginning with the criminal investigation by Deputy Isbell and that subsequent criminal proceedings, would necessarily imply the invalidity of his conviction. The claims are barred by *Heck*.

28 U.S.C. §§ 1915 and 1915A require dismissal of a complaint that fails to state a claim upon which relief may be granted. However, the district court is not deprived of its discretion to grant or deny leave to amend.[17] The Court may decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."[18] Leave to amend is liberally granted to *pro se* litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."[19]

---

[15] *Id.* at 486–87; *see also Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (en banc) ("*Heck* says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'" (citation omitted)).

[16] *Smith*, 394 F.3d at 695 (quoting *Heck*, 512 U.S. at 487).

[17] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

[18] *Id.* at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

[19] *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622

Arvidson has failed to state a claim upon which relief may be granted.  His claims are barred by *Heck* and could not be cured by amendment.  Leave to amend would be futile. This matter will be dismissed.

## III.    "Strike" under 28 U.S.C. §1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim.[20] Arvidson has failed to state a claim upon which relief may be granted.  His pleadings are frivolous and present an "obvious bar to securing relief."[21]  Dismissal of this case will constitute one strike.[22]

### ORDERED

1.  Arvidson's Motion to Proceed in Forma Pauperis[23] is

**GRANTED**.

2. Arvidson's Motion to Compel[24] is **DENIED** as moot.

3. This matter is **DISMISSED**. The Clerk of Court is directed to close this matter and enter judgment under Rule 58 of the Federal Rules of Civil Procedure.

---

F.2d 458, 460 (9th Cir. 1980)).
[20] 28 U.S.C. §1915(g).
[21] *Washington v. Los Angeles County Sheriff's Department*, 833 F.3d 1048, 1055 (9th Cir. 2016) (*quoting ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014)).
[22] *See* 28 U.S.C. §1915(g).
[23] Doc. 1.
[24] Doc. 4.

4. The Clerk of Court is directed to have the docket reflect that the Court certifies that any appeal of this decision would not be taken in good faith.[25]

5. The Clerk of Court is directed to have the docket reflect that this dismissal counts as one strike for failure of the Complaint to state a federal claim upon which relief may be granted.[26]

DATED this _9th_ day of September, 2022.

_Sam E Haddon_
Sam E. Haddon
United States District Court Judge

---

[25] *See* Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure.
[26] *See* 28 U.S.C. § 1915(g).